UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-CR-0160-CVE-1 |
| ) | |
| JOSEPH KEEGAN HAAS, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Before the Court are defendant Joseph Keegan Haas's motion for disclosure (Dkt. # 40); plaintiff's notice of intent to introduce evidence pursuant to Fed. R. Evid. 404(b) (Dkt. # 57); defendant's objection to plaintiff's proposed Rule 404(b) evidence and motion in limine to preclude prior acts evidence (Dkt. # 63); defendant's motion to sever counts (Dkt. # 41); defendant's motion in limine to exclude certain expert testimony (Dkt. # 39); and defendant's motion for a Jackson-Denno hearing, or, in the alternative, motion in limine to preclude any reference to or characterization of statements as confessions (Dkt. # 38).

On April 8, 2021 a grand jury returned a five-count indictment charging defendant with assault with a dangerous weapon in Indian country (count 1); carrying, using, and brandishing a firearm during and in relation to a crime of violence (count 2); assault by striking, beating, and wounding in Indian country (count 3); burglary first degree in Indian country (count 4); and kidnapping in Indian country (count 5). Dkt. # 24.

I.  **Defendant's Motion for Disclosure (Dkt. # 40), Plaintiff's Notice (Dkt. # 57), and Defendant's Objection and Motion in Limine (Dkt. # 63)**

Defendant moves, pursuant to Fed. R. Evid. 404(b), to require plaintiff to "disclose any evidence it has concerning other crimes, wrongs, acts or uncharged criminal conduct which it intends to offer in its case-in-chief" against defendant. Dkt. # 40, at 1. In its response (Dkt. # 57), plaintiff provides notice to defendant of its intent to introduce specific instances of defendant's prior domestic assaults of K.H., the victim named in the indictment. Dkt. # 57, at 1. Plaintiff argues these prior domestic assaults are admissible because they are intrinsic evidence of the indictment's charged offenses, or, in the alternative, that these prior assaults are admissible under Rule 404(b) as evidence of defendant's motive, intent, and plan. Id. Defendant objects to plaintiff's introduction of the prior assaults, and moves in limine "to preclude the introduction of evidence [of] previous instances of domestic violence." Dkt. # 63, at 1. Defendant argues that the prior bad acts are not intrinsic to the conduct charged in the indictment, as the charged conduct "stands on its own," and introducing these incidents "dangerously invites an emotional response from the jury." Id. Defendant further argues that the instances of prior abuse are inadmissible under Rule 404(b) because their probative value for anything other than character is low, amounting to nothing more than evidence of defendant's propensity for violence; thus, their introduction would be unfairly prejudicial, denying defendant a fair trial. Id. at 2-6.

As a preliminary matter, defendant's motion for disclosure (Dkt. # 40) is moot, as plaintiff has filed a response and notice of intent to introduce evidence pursuant to Rule 404(b) (Dkt. # 57). The Court now turns to the evidentiary issues presented in plaintiff's Rule 404(b) notice (Dkt. # 57), and defendant's objection and motion in limine (Dkt. # 63).

> Rule 404(b) provides, in pertinent part:
>
> Evidence of a crime, wrong or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> . . .
>
> This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

However, Rule 404(b) does not apply to "other act" evidence which is admitted as proof of the charged conduct; it applies only to evidence of acts extrinsic to the charged crime. United States v. Irving, 665 F.3d 1184, 1212 (10th Cir. 2011). "An uncharged act is admissible as *res gestae*—intrinsic evidence not subject to [Rule 404(b)]— if 'it was inextricably intertwined with the charged crime such that a witness's testimony would have been confusing and incomplete without mention of the prior act.'" United States v. Ford, 613 F.3d 1263, 1267 (10th Cir. 2010) (quoting United States v. Johnson, 42 F.3d 1312, 1316 (10th Cir. 1994)). Specifically, the other act and "the evidence of the crime charged . . . are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." United States v. Lambert, 995 F.2d 1006, 1007 (10th Cir. 1993) (internal quotations omitted). Further, while intrinsic "other act" evidence is not excluded under Rule 404(b), it is still subject to the Fed. R. Evid. 403 balancing test; that the evidence's probative value is not substantially outweighed by the danger of unfair prejudice. Id. at 1007-08.

    A.    **Intrinsic Evidence**

Plaintiff argues that defendant's prior domestic violence is intrinsic to the charged conduct. Dkt. # 57, at 4. Specifically, plaintiff asserts that defendant's prior acts demonstrate a pattern of abuse, and that "context is imperative to allow the jury to understand how K.H. reacted to Haas when

he entered her home in February . . . [and the] history of abuse is even more important to understand the kidnapping in March." Dkt. # 57, at 5-6. The Court finds that the incidents of prior abuse described in plaintiff's notice (Dkt. # 57) are not intrinsic to the charged crimes, and they do not provide necessary context that the jury could not otherwise glean from the information in the indictment.

The Court is not persuaded that the prior allegations of abuse "might directly connect to proving the elements of the charged crimes . . . . Importantly, a jury could find defendant guilty of the alleged criminal act[s] without mention of the prior incidents of alleged abuse[.]" United States v. Eaves, 180 F. Supp. 3d 938, 941 (N.D. Okla. 2016). For example, in Ford, defendant argued that admitting witness testimony about a prior prison escape unfairly prejudiced the jury. 613 F.3d at 1267. However, one of the charged crime's elements was that defendant was a fugitive; thus, evidence of defendant's prison escape was an essential element of one of the charged crimes. Id. at 1268. There, the Court found that the "escape could not be separated from the charged crimes[,]" and defendant's subsequent charged crimes over the next two and a half days, such as being a felon in possession of a firearm, logically flowed from his need for weapons because he escaped. Id. Here, by contrast, plaintiff proffers four discrete prior incidents spanning eight months. Dkt. # 57, at 1-3. The Court finds these incidents were not "necessary preliminaries" to the charged conduct—none of the prior acts is an essential element of the charged crimes, and it is "far-fetched to suggest that incidents of alleged abuse spanning [eight months] could constitute part of a single criminal episode. Rather, the evidence the government seeks to admit are acts outside the temporal scope of the charged offense." Eaves, 180 F. Supp. 3d at 941 (citing Lambert, 995 F.2d at 1007).

4

Moreover, the prior incidents of abuse do not provide necessary context for the charged crimes. Plaintiff proffers an incident from May 2020 where defendant was angry with K.H., threatened to kill her puppy, and then did so. Id. at 1-2. Plaintiff contends this incident provides necessary context for the jury to understand why K.H. did not try to challenge defendant or escape, particularly during the March 6, 2021 alleged kidnapping. Id. at 5. However, a reasonable jury would have enough context from the information in the indictment alone—that defendant broke into K.H.'s house twice, threatened her with a firearm, and physically assaulted her—to understand why K.H. was afraid of defendant. Dkt. # 24, at 1-5.

Therefore, the Court finds that the prior incidents are extrinsic to the charged crimes and the Court will review their admissibility under Rule 404(b).

      **B.**      **Prior Acts Evidence Under Rule 404(b)**

Plaintiff argues that, if the Court finds the prior incidents are not intrinsic to the charged crimes, these prior acts are admissible as evidence of defendant's intent, motive, and plan under Rule 404(b). Dkt. # 57, at 6-7. The Court's "threshold inquiry" before admitting prior acts evidence under Rule 404(b) is "whether that evidence is probative of a material issue other than character." Huddleston v. United States, 485 U.S. 681, 686 (1988). Rule 404(b)'s limitations are specifically designed to prevent the introduction of evidence that does nothing more than demonstrate a defendant's general propensity for violence. See United States v. Commanche, 577 F.3d 1261, 1268 (citing United States v. Sanders, 964 F.2d 295, 298-99 (4th Cir. 1992)). While propensity may be relevant to the charged conduct, "the risk that a jury will convict for crimes other than those charged—or that, uncertain of guilt, it will convict anyway because a bad person deserves punishment—creates a prejudicial effect that outweighs ordinary relevance." Old Chief v. United

States, 519 U.S. 172, 181 (1997) (internal quotations omitted). In weighing the admissibility of evidence under Rule 404(b), the Court must consider four factors: (1) whether the evidence is offered for a proper purpose; (2) its relevance; (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect; and (4) a limiting instruction if the defendant so requests. Huddleston, 485 U.S. 681, 691 (1988); United States v. Mares, 441 F.3d 1152, 1156 (10th Cir. 2006); United States v. Zamora, 222 F.3d 756, 762 (10th Cir. 2000).

Plaintiff argues that defendant's prior acts are offered for the proper purpose of showing defendant's intent, motive, and plan. Dkt. # 57, at 7. Plaintiff asserts that defendant's "acts of escalating domestic violence show that he was intent on keeping control of K.H. and would not let her leave the relationship." Id. First, plaintiff's understanding of "intent" in the context of Rule 404(b) is misguided. Evidence of intent is admissible under Rule 404(b) if it is probative of the intent element of the charged crime. Here, for example, defendant is charged with assault with a dangerous weapon (Dkt. # 24, at 1), and one of the elements of this offense is "intent to do bodily harm." Thus, plaintiff's argument that defendant was "intent on keeping control of K.H." has no probative value as to whether defendant intended to do bodily harm. As such, the Court finds that defendant's prior acts are inadmissible to show the intent element of the charged crimes.

Next, as to motive and plan, the Court cannot pre-judge what evidence will be admitted at trial, or what defenses will be raised. It is possible that the prior acts may be offered under Rule 404(b), and plaintiff will have to make a showing of a proper purpose for the admissibility of this evidence. However, the Court's rulings on the admissibility of evidence will depend heavily on the context in which the evidence is offered. Thus, the Court preliminarily rules that the evidence proffered in plaintiff's Rule 404(b) notice (Dkt. # 57) is inadmissible, and plaintiff may reassert its

evidentiary arguments for the prior acts' admissibility under Rule 404(b) at trial. Accordingly, defendant's motion in limine to preclude the introduction of prior bad acts (Dkt. # 63) is denied without prejudice.

## II.   Defendant's Motion to Sever Counts (Dkt. # 41)

Next, defendant moves to sever counts one, two, and three (the counts related to the incidents on February 18, 2021) from counts four and five (the counts related to the incidents on March 6, 2021). Dkt. # 41, at 1. Plaintiff has filed a response in opposition (Dkt. # 58). Defendant argues that there is a "temporal . . . [and] elemental divide" between the charged offenses stemming from the events of February 18, 2021 (counts 1, 2, and 3) and March 6, 2021 (counts 4 and 5); thus, they are not the same or similar in character, as required for joinder. Dkt. # 41, at 2. Defendant further argues that unless the counts are severed, defendant would be prejudiced by being required to defend "two separate trials simultaneously." Dkt. # 41, at 2. Plaintiff responds that the charges were properly joined, causing defendant no undue prejudice. Dkt. # 58, at 3-4.

Rule 8(a) of the Federal Rules of Criminal Procedure broadly allows joinder of offenses in three situations: (1) when the offenses are of the same or similar character; (2) when the offenses are based on the same act or transaction; or (3) when the offenses are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Rule 8 is construed "broadly to allow liberal joinder to enhance the efficiency of the judicial system." United States v. Johnson, 130 F.3d 1420, 1427 (10th Cir. 1997). Here, factor one is most relevant. The February 18, 2021 counts allege that defendant assaulted K.H. with a deadly weapon by pointing a firearm at her while she was in bed; carried, used, and brandished a firearm in relation to a crime of violence; and assaulted K.H. by striking, beating, and wounding her. The March 6, 2021 counts allege that defendant entered K.H.'s

residence with the intent to commit a crime therein by "forcibly bursting and breaking an outer door of such residence," and unlawfully seized, confined, or kidnapped K.H.. Thus, all of these offenses are similar in character as they all relate to the defendant's alleged domestic abuse of K.H., unauthorized entry into K.H.'s residence, and the use or threat of violence. Dkt. # 24, at 1-5. The Court finds that these sets of counts are properly joined because the offenses, if proved, are of the same or similar nature.

Defendant next argues that the joinder of these counts is prejudicial. Even in the absence of a misjoinder under Rule 8(a), the court may order the separate trials of counts "[i]f the joinder of offenses . . . appears to prejudice a defendant or the government . . . ." Fed. R. Crim. P. 14. "In deciding on a motion for severance, the district court has a duty to weigh the prejudice resulting from a single trial of counts against the expense and inconvenience of separate trials." United States v. Hollis, 971 F.2d 1441, 1456. "The decision whether to grant or deny severance is within the sound discretion of the trial court . . . ." United States v. Cardall, 885 F.2d 656, 667 (10th Cir. 1989). "In order to obtain a severance, a defendant must show clear prejudice resulting from joinder at trial." United States v. Strand, 617 F.2d 571, 575 (10th Cir. 1980). Without providing specifics, defendant argues that he will be prejudiced if all counts are tried together, because he will be forced to defend two separate trials simultaneously. Dkt. # 41, at 2. The Court is not persuaded, particularly since defendant has not shown that evidence related to the February 18 counts would not be admissible in a separate trial of the March 6 counts either for relevant background, credibility, or impeachment, or under Rule 404(b) to show motive, intent, or for some other proper purpose. Thus, defendant has failed to show that a single trial would result in undue prejudice. Because the counts were properly

joined, and defendant failed to show undue prejudice if the charged crimes were tried together, defendant's motion to sever (Dkt. # 41) is denied.

### III.     Defendant's Motion in Limine to Exclude Certain Expert Testimony (Dkt. # 39)

Defendant next moves in limine (Dkt. # 39) to exclude "certain expert or 'soft expert' testimony" because defendant anticipates that "law enforcement agents may testify as experts." Dkt. # 39, at 1.  Plaintiff responds that it does not "intend to elicit any inappropriate opinion testimony from unqualified witnesses[,]" and plaintiff "has not [endorsed] any law enforcement witnesses as expert witnesses[.]" Dkt. # 56, at 1.  Aside from the highly speculative nature of defendant's motion, the Court finds that based on plaintiff's response, defendant's motion in limine (Dkt. # 39) is moot.

### IV.    Defendant's Motion for a Jackson-Denno Hearing, or, in the Alternative, Motion in Limine to Preclude Any Reference to or Characterization of Statements as Confessions (Dkt. # 38)

Finally, defendant moves for a Jackson-Denno hearing "to the extent the Government alleges any 'confession' was made." Dkt. # 38, at 1.  In the alternative, defendant moves in limine "to preclude any characterization or reference to [his] statements as a confession." Id. at 3.  Plaintiff responds that it "does not have a statement constituting a confession that it can offer in its case-in-chief[,]" Dkt. # 55, at 1, but it reserves the right to impeach the defendant should he take the stand and "den[y] certain elements of some of the charged offenses[.]"  Id. at 1 n.1.  Because plaintiff does not have a statement constituting a confession that it can introduce in its case-in-chief, defendant's motion (Dkt. # 38) is moot.

**IT IS THEREFORE ORDERED**  that defendant Joseph Keegan Haas's motion in limine to preclude prior acts evidence (Dkt. # 63) is **denied without prejudice**, and defendant's motion to sever counts (Dkt. # 41) is **denied**.

**IT IS FURTHER ORDERED** that defendant Joseph Keegan Haas's motion for disclosure (Dkt. # 40);  motion in limine to exclude certain expert testimony (Dkt. # 39);  and motion for a Jackson-Denno hearing, or, in the alternative, motion in limine to preclude any reference to or characterization of statements as confessions (Dkt. # 38) are **moot**.

**DATED** this 1st day of October, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE