UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) Case No. 21-CR-160-CVE |
| v. | ) |
| JOSEPH KEEGAN HAAS, | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Before the Court is defendant's "Motion for Un-Redacted Grand Jury Transcript(s)" (Dkt. # 89).

**I.    Background**

On April 8, 2021, a grand jury returned a five-count indictment against the defendant, charging him with assault with a dangerous weapon in Indian country (Count 1), carrying, using, and brandishing a firearm during and in relation to a crime of violence (Count 2), assault by striking, beating, and wounding in Indian country (Count 3), first degree burglary in Indian country (Count 4), and kidnapping in Indian country (Count 5). (Dkt. # 24). Count 3 is a misdemeanor charge, while the remaining counts allege the commission of felonies. The defendant was initially appointed counsel from the Court's Criminal Justice Act Panel, but is now proceeding in this case pro se, with appointed standby counsel.

In the instant motion, defendant requests that the Court order the disclosure of unredacted grand jury transcripts to the defendant under Rule "6-(E)(ii)" [sic]. (Dkt. # 89 at 1). Upon review of the defendant's motion, it appears that his request is based on Rule 6(e)(3)(E)(ii) of the Federal Rules of Criminal Procedure, and the Court will construe the motion under that rule.

## II.     Discussion

The grand jury "institution . . . is part of the federal constitutional system," and proceedings before the grand jury are treated with "indispensable secrecy." *United States v. Johnson*, 319 U.S. 503, 513 (1943). "[T]he law presumes, absent a strong showing to the contrary, that a grand jury acts within the legitimate scope of its authority." *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 301 (1991); *see also United States v. Mechanik*, 475 U.S. 66, 75 (1985) (O'Connor, J., concurring) ("The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.").

The general rule of secrecy of grand jury proceedings has been codified into the Federal Rules of Criminal Procedure. *See* Fed. R. Crim. P. 6(e). Rule 6(e)(3)(E) provides for limited exceptions. Pursuant to the exception in Rule 6(e)(3)(E)(ii), which is invoked by defendant's motion, a court "may authorize disclosure – at a time, in a manner, and subject to any other conditions that it directs–of a grand-jury matter: . . . (ii) at the request of a defendant who shows that a ground may exist to dismiss the

indictment because of a matter that occurred before the grand jury." "'Parties seeking grand jury transcripts under Rule 6(e) must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover only material so needed.'" *In re Lynde*, 922 F.2d 1448, 1451-52 (10th Cir. 1991) (quoting *Douglas Oil Co. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)); *see also United States v. Bagby*, No. 10-CR-134-CVE, 2011 WL 810709, at *1 (Mar. 1, 2011) (unpublished). The party seeking production of grand jury transcripts must show a "particularized need" that outweighs the long-standing policies requiring grand jury secrecy, and a general claim is insufficient to meet the "particularized need" standard. *Lynde*, 922 F.2d at 1454-55; *see also United States v. Rising*, 867 F.2d 1255, 1260 (10th Cir. 1989).

In his motion for an order requiring plaintiff to produce grand jury transcripts, defendant references his motions to quash and dismiss and represents that he is entitled to the grand jury transcripts "because of matter(s) that occurred before the – Grand Jury." (Dkt. # 89 at 1). However, he has not identified any irregularity or particular "matter that occurred before the grand jury," either in the instant motion (Dkt. # 89) or in the referenced motions to dismiss and quash (Dkt. ## 87, 88). Instead, he asserts only generally that there is "insufficient evidence" as to Counts 1 and 2 of the Indictment, and he further asserts that Count 4 is jurisdictionally defective. (Dkt. #87 at 2-5; Dkt. # 88 at 2-5). Defendant also argues dismissal is proper for "selective and

3

(or) vindictive information/prosecution" and "the (error(s)) raised before the Grand Jury proceeding(s) – namely – jurisdictional/tainted evidence, [and] invalid charge(s)." (Dkt. # 88 at 4).

The defendant's motion does not identify any irregularity in grand jury proceedings or any particularized showing or need as required by the foregoing, long-settled principles governing grand jury proceedings. He has not "show[n] that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury," as required to warrant an order requiring production of the grand jury transcripts under Rule 6(e)(3)(E)(ii).[1]

The defendant has also not provided any information to show that he would be entitled to any portion of the grand jury transcript on any other legal ground at this time. A defendant may request that the government disclose to him and make available for inspection and copying "the defendant's recorded testimony before a grand jury relating to the charged offense." Fed. R. Crim. P. 16(a)(1)(B)(iii). Defendant has not invoked that rule or represented that he testified before the grand jury in relation to the charges in this case.

A defendant may also request production of a witness's statement under the circumstances set forth in Fed. R. Crim. P. 26.2. That rule provides that, "[a]fter a

---

[1] The undersigned has considered only whether the defendant has made an adequate showing under the standards for obtaining grand jury transcripts. Nothing in this order should be construed as addressing the merits of the motions to dismiss or quash.

4

witness other than the defendant has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney for the government . . . to produce, for the examination and use of the moving party, any statement of the witness that is in their possession, and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a). The rule defines a witness's statement to include grand jury testimony, *id.*, 26.2(f)(3), and applies at trial, in a suppression hearing, and at other proceedings specifically set forth in the rule. *Id.*, 26.2(g). However, the rule requires production of opposing witness's prior grand jury testimony only after the witness has testified on direct examination at one of the proceedings listed in the rule. Defendant has not indicated that any such direct examination has occurred.

**IT IS THEREFORE ORDERED** that defendant's "Motion for Un-Redacted Grand Jury Transcript(s)" (Dkt. # 89) is **denied**.

**DATED** this 12th day of November, 2021.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge